IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) TONKAWA TRIBE OF INDIANS | ) | |
| OF OKLAHOMA | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 06-CV-01435-F |
| (1) Dirk KEMPTHORNE, Secretary of the | ) | |
| Interior,  (2) Ross O. SWIMMER, Special | ) | |
| Trustee Office of Special Trustee for American | ) | |
| Indians, and (3) Henry PAULSON, Secretary of | ) | |
| the Treasury, | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Tonkawa Tribe of Indians of Oklahoma ("Tribe"),

amending its original complaint pursuant to Fed. R. Civ P. 15(a)[1] and sues Defendants,

Dirk Kempthorne, Secretary of Interior, Ross O. Swimmer, Special Trustee Office of

Special Trustee for American Indians Department of the Interior, and Henry Paulson,

Secretary of the Treasury (collectively "Defendants") as follows:

1.      This is an action by the Tribe for an accounting of the trust funds of the

Plaintiff, and for related relief.

## PARTIES

2.      Plaintiff, Tonkawa Tribe of Indians of Oklahoma, is a federally recognized

Indian tribe, recognized by the United States as a sovereign Indian tribe with legal rights

and responsibilities, eligible for the special programs and services provided by the United

States to Indians because of the Plaintiffs status as an Indian tribe.

---

[1] The original complaint was filed December 29, 2006; Defendants have not yet filed an
Answer.

3.     Defendant Dirk Kempthorne is the Secretary of the Interior ("Defendant Secretary of the Interior") and charged by law with carrying out the duties and responsibilities of the United States as trustee for the Tribe.  Defendant may be served by delivering a copy of the summons and complaint by registered or certified mail to Defendant at Department of the Interior, 1849 C Street NW, Washington D.C. 20240. Consistent with FRCP 4(i)(1), Plaintiff will also serve process to John C. Richter, U.S. Attorney for the Western District of Oklahoma at 210 West Park Avenue, Suite 400, Oklahoma City, Oklahoma 73102 and Alberto R. Gonzales, Attorney General of the United States, at Washington, District of Columbia.

4.     Defendant Ross O. Swimmer is the Special Trustee for American Indians, appointed by the President of the United States with the advice and consent of the Senate. A number of, if not all, Defendant Swimmer's legal duties and responsibilities to the Plaintiff are detailed in the Act of October 25, 1994, Pub. L. No. 103-416, 108 Stat. 4239.  Defendant may be served by delivering a copy of the summons and complaint by registered or certified mail to Defendant at Department of the Interior, 1849 C Street NW, Washington D.C. 20240. Consistent with FRCP 4(i)(1), Plaintiff will also serve process to John C. Richter, U.S. Attorney for the Western District of Oklahoma at 210 West Park Avenue, Suite 400, Oklahoma City, Oklahoma 73102 and Alberto R. Gonzales, Attorney General of the United States, at Washington, District of Columbia.

5.     Defendant Henry Paulson is the Secretary of the Treasury, and in that capacity is custodian of tribal trust funds, and has responsibility with regard to the administration of such funds and the preparation and maintenance of records in connection with those funds. Defendant may be served by delivering a copy of the

summons and complaint to the United States attorney for the district in which the action is brought, to the Attorney General of the United States, and to the officer of the United States. Defendant may be served by delivering a copy of the summons and complaint by registered or certified mail to Defendant at Department of the Treasury, 1500 Pennsylvania Avenue NW, Washington D.C. 20220. Consistent with FRCP 4(i)(1), Plaintiff will also serve process to John C. Richter, U.S. Attorney for the Western District of Oklahoma at 210 West Park Avenue, Suite 400, Oklahoma City, Oklahoma 73102 and Alberto R. Gonzales, Attorney General of the United States, at Washington, District of Columbia.

6.      "Defendants" collectively encompasses the United States and all the parties associated therewith, including the United States, the Department of Interior, Special Trustee for American Indians, and the Department of Treasury.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1362. This is a civil action brought by an Indian tribe and arises under the Constitution, treaties, and agreements between the United States and the Tribe, federal common law and the federal statutes governing the administration and management of property held by the United States in trust for tribes. The Court also has jurisdiction under 28 U.S.C. §1361, 5 U.S.C. §706, as this is an action for injunctive relief to compel federal officials to perform a duty owed to the Tribe.

8.      The United States has waived its immunity from suit under §702 of the Administrative Procedures Act ("APA"), 5 U.S.C. §702. Section 702 waives sovereign immunity for all claims for relief other than monetary damages, including all forms of

equitable relief, involving a federal official's action or failure to act. *See Bowen v. Mass.*, 487 U.S. 879, 893-895 (1988); *Schnapper v. Foley*, 667 F.2d 102, 107-108 (D.C. Cir. 1981).   The APA's waiver of sovereign immunity applies to any such suit, regardless of whether the suit is brought under the APA. *See Cobell v. Norton*, 240 F.3d 1081, 1095-96 (D.C. Cir. 2001).

9.   Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(2) and (e)(2) because this is an action in which Defendants are officers and employees of the United States acting in an official capacity, and a substantial part of the events or omissions giving rise to the claims herein have occurred within this judicial district.

## FACTUAL BACKGROUND

10.   The Tribe occupies the Indian country within its former reservation in Kay County, Oklahoma, and is the beneficial owner of land and natural resources, including valuable oil, gas, water and other mineral reserves attributable to its former reservations in Oklahoma and elsewhere, subsequently allotted lands and current land holdings, title to which is held in trust by the United States for the benefit of the Tribe ("Trust Property"). For purposes of this litigation, "Trust Funds" are defined as any income generated in any manner related to the Trust Property and that falls within the management obligations pursuant to the federal statutory and common law jurisdiction of the Defendants.

11.   Under federal law, tribal land held in trust by the United States is inalienable except as authorized by Congress.   25 U.S.C. § 177.   Congress has granted the Secretary of the Interior authority to approve conveyances of certain interests in trust land, such as leases, easements and rights of way.   The law further establishes the terms

and conditions under which such conveyances may be made, and generally requires that compensation be paid to the tribe for the use of tribal lands.

12.     Under 25 U.S.C. § 2 and other federal laws, Congress has granted the Secretary of the Interior certain limited authority to withdraw certain of the Tribe's lands for federal and private purposes, including, but not limited to, educational, religious, and governmental uses.  Federal law also establishes that terms and conditions under which such withdrawals may be made, and when the land is to be returned to tribal use. Federal law generally requires that compensation be paid to the Tribe for the conveyance or use of said tribal lands.

13.     The Tribe entered into treaties, settlements, and other contractual agreements with the United States government pursuant to which Defendants took possession of certain of the Tribe's lands and other valuable resources.  When Defendants took possession of those lands they obligated themselves to provide specific consideration to the Tribe.  As stated in those agreements, consideration often included money and/or goods and services which were to be provided by Defendants to the Tribe and its members. Congress appropriated federal funds to pay consideration to the Tribe and those appropriated dollars became the trust property of the Tribe managed by Defendants until consideration was delivered. The Tribe has never received an accounting of: (A) how the Trust Funds were appropriated, (B) how many of these Trust Funds were invested, and (C) the resources from which the Tribe actually received the partial or full consideration provided for in those agreements.

14.     When Defendant Secretary of the Interior and his predecessors took office they assumed control and management over the Trust Property of the Tribe. Defendants

approved on behalf of the Tribe the following: leases, easements, permits, and other grants of authority to use certain of the Tribe's trust lands and natural resources for specific purposes. Defendants in certain limited instances have conveyed the title to certain of the Tribe's lands to third parties and has approved the use of certain of the Trust Property of the Tribe for Federal purposes.  In the exercise of its trust authority, Defendants assumed the legal responsibility for the collection of fair and equitable compensation for those conveyances or uses which include, but not limited to, royalty payments, grazing fees, rents, purchase prices, and such other fees and payments as appropriate.

15.    Defendants assumed the responsibility for the collection of payments described above and assumed the responsibility for the investment of the controlled assets, including the trust assets, the income generated by the Trust Property of the Tribe, and trust resources and by the other trust monies paid to the Tribe.

16.    The United States has assumed the obligations of a trustee by virtue of holding tribal land in trust.  *United States v. Mitchell*, 463 U.S. 206, 255 (1983); *Cobell v. Norton*, 240 F.3d 1081(D.C. Cir. 2001).   As trustee, Defendants have a fiduciary relationship and obligations of the highest responsibility and trust to administer the trust with the greatest skill and care possessed by the trustee. The United States has charged itself with moral obligations of the highest responsibility and trust in its conduct with Indian tribes and its conduct should therefore be judged by the most exacting fiduciary standards. *Cobell*, 240 F.3d at 1099 (quoting *Seminole Nation v. U.S.*, 316 U.S. 286, 297(1942)).

17.     Additionally, the trust obligations of Defendants include the duty to ensure that tribal trust property and trust funds are: (A) protected, (B) preserved, and (C) managed so as to produce a maximum return to the tribal owner consistent with the trust character of the property.

18.     The trust obligations of Defendants also include the following duties:  (A) to maintain adequate records with respect to Trust Property, (B) to maintain adequate systems and controls to guard against error or dishonesty, (C) to provide regular and accurate accountings to the trust beneficiaries, (D) to refrain from self-dealing or benefiting from the management of the trust property, (E) insure the Federal government's compliance with the protections afforded the Tribe under the Constitution, and (F) to consult with the Tribe regarding the management of the Trust Property of the Tribe.

19.     Congress has charged Defendants with fulfilling the obligations of trustee and with responsibility for the administration and management of all Trust Property of the Tribe. *See,* 25 U.S.C. § 2; *Mitchell*, 463 at 255; *Cobell*, 240 F.3d 1081.

20.     Defendants control and manage all of the Trust Property and trust assets of the Tribe. Defendants also maintain control over all of the books and records of accounts affecting the Tribe's Trust Funds and Trust Property. Defendants have never rendered a complete, accurate or timely accounting to the Tribe of its trust assets, or provided the Tribe with a clear statement as to the origin or use of all of the funds in each of those accounts. In some instances, where the Trust Funds were derived or should have been derived from federal payments to the Tribe, Defendants have failed to provide the Tribe with: (A) a clear statement of why these payments were being made, (B) what if any

interest was being paid, and (C) how the federal government determined the amounts which were due and payable. Defendants have also failed to establish any effective system for regular or periodic accountings of the Trust Property and Trust Funds of the Tribe, nor have they provided the Tribe with those accountings or reports. As a consequence, Defendants have kept and continue to keep the Tribe, who is the trust beneficiary, uninformed as to: (A) the Trust Property, Trust Funds and Trust resources owned by the Tribe, (B) the income and interest that the Tribe's currently owned and previously owned Trust Property, resources and Trust Funds have produced, (C) what disposition - if any - has been made of the Trust Funds, and (D) whether Defendants have properly managed the Tribe's Trust Property and Trust Funds.

21.    Congress imposed two requirements on Defendants as follows: (A) to maintain the accounting and reconciliation of tribal trust funds and (B) to provide the tribes with an accounting of such funds. The Act of December 22, 1987, Pub. L. No. 100-202, 101 Stat. 1329. Congress reaffirmed these two mandates in subsequent statutes, including, but not necessarily limited to: the Act of October 30, 1989, Pub. L. No. 101-121, 103 Stat. 701; the Act of November 5, 1990, Pub. L. No. 101-512, 104 Stat. 1915, and the Act of November 3, 1991, Pub. L. No. 102-154, 105 Stat. 990. By these Acts, Congress further required that Defendants certify, through an independent party, the results of the reconciliation of tribal trust funds as the most complete reconciliation possible of such funds. Defendants have failed to meet either requirement as to the Tribe.

22.    On October 25, 1994, Congress enacted the American Indian Trust Fund Management Reform Act, codified at 25 U.S.C. §§ 4001-61. Under the provisions of this

Act, the Congress recognized the pre-existing trust responsibilities of the Defendants, and charged Defendants with additional responsibilities to ensure the proper discharge of their individual trust responsibilities, as well as the trust responsibilities of the United States.

23.     To date, Defendants have failed to provide the Tribe with a complete, accurate and timely accounting of the Trust Funds and have failed to meet their other statutory and legal obligations to the Tribe. Thus, Defendants are in clear breach of their trust responsibility to the Tribe.

24.     Since 1990 Congress has consistently extended the statute of limitations on any claim concerning losses to or mismanagement of trust funds until the affected tribe or individual Indian has been furnished with an accounting of such funds from which the beneficiary can determine whether there has been a loss in order to protect the rights of the Tribe and other tribes until an accounting of the trust funds could be completed. *See* Act of November 5, 1990, Pub. L. No. 101-512, 104 Stat. 1915; Act of November 13, 1991, Pub. L. No. 102-154, 105 Stat. 990; Act of October 5, 1992, Pub. L. No. 102-381,106 Stat. 1374; Act of November 11, 1993, Pub. L. No. 103-138, 107 Stat. 1379; Act of September 30, 1994, Pub. L. No. 103-332, 108 Stat. 2499; Act of April 26, 1996, Pub. L. No. 104-134, 110 Stat 1341; Act of September 30, 1996, Pub. L. No. 104-208, 110 Stat. 3009; Act of November 14, 1997, Pub. L. No. 105-83, 111 Stat. 1543; Act of October 21, 1998, Pub. L. No. 105-277, 112 Stat. 2681; Act of November 29, 1999, Pub. L. No. 106-113, 113 Stat. 1501; Act of October 11, 2000, Pub. L. No. 106-291, 114 Stat. 922; Act of November 5, 2001, Pub. L. No. 107-63.

25.     Under the American Indian Trust Fund Management Reform Act of 1994, 25 U.S.C. §4044, the tribes must file account claims no later than six years after they

had received their respective tribal trust fund reconciliation project report.   Congress extended this original deadline in Pub. L. No. 107-153 and again in Pub. L. No. 109-138.   The statute of limitations for filing a claim was December 31, 2006,   under the most recent statutory extension passed by Congress.   The original complaint in this action was filed prior to the statute of limitations.

## COUNT I – DECLARATORY AND INJUNCTIVE RELIEF FOR FAILURE TO PROVIDE A PROPER ACCOUNTING AND FOR A DECLARATION THAT THIS FAILURE HAS INTERFERED WITH THE TRIBE'S ABILITY TO BRING CLAIMS AGAINST THE UNITED STATES

26.   Paragraphs 1 through 25 above are alleged and incorporated herein by reference.  The Tribe further alleges and states:

27.   Defendants owe the Tribe fiduciary duties and obligations of the highest responsibility and trust to administer the Trust Funds of the Tribe with the full care and responsibility of a fiduciary and a trustee. These obligations should be judged by the most exacting fiduciary standards. *Cobell,* 240 F.3d at 1099 (quoting *Seminole Nation v. U.S.*, 316 U.S. 286, 297 (1942)).

28.   Defendants have failed to adhere to these responsibilities in that they have failed to provide the Tribe with a full, accurate and timely accounting of the Trust Funds of the Tribe, they have interfered with the Special Trustee in his efforts to comply with his legal obligations and this failure and this interference both constitute a breach of Defendants' fiduciary duties to the Tribe, and is in violation of applicable law.

29.   The Tribe is entitled to a declaratory judgment stating that Defendants have not provided the Tribe with a complete, accurate and timely accounting of the Trust Funds of the Tribe as required by law.

30.     The Tribe is also entitled to a declaratory judgment stating that Defendants' failure to provide this accounting has deprived the Tribe of the ability to determine whether it has suffered a loss and the extent of the loss suffered.

31.     The Tribe is entitled to a declaratory judgment stating that Defendants have breached the fiduciary duties they owe to the Tribe by failing to provide the Tribe with a complete, accurate and timely accounting of the Tribe's trust assets as required by law.

32.     The Tribe is entitled to a declaratory judgment delineating Defendant's fiduciary duties to enable proper discharge of their accounting obligation and finding that Defendants have breached these duties so declared.

### COUNT II – DECLARATORY AND INJUNCTIVE RELIEF
### TO COMPEL A PROPER ACCOUNTING

33.     Paragraphs 1 through 32 above are alleged and incorporated herein by reference.  The Tribe further alleges and states:

34.     Defendants' failure to provide Tribe with a complete, accurate and timely accounting continues to cause the Tribe irreparable injury.  The Tribe is deprived of the information necessary to determine whether Trust Funds of the Tribe have been properly administered, as the records required for such accounting may be lost or destroyed.

35.     The Tribe is entitled to relief requiring Defendants to provide the Tribe with a complete, accurate and timely accounting of all the Trust Funds, and preserving any claims which might be identified once that accounting is received.

36.     The Tribe is further entitled to make exceptions and objections to the accounting provided, to a restatement of their trust fund account balances in conformity

with the ultimate and complete accounting, and to any additional equitable relief that may be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays:

1.      For a declaration that Defendants have not provided the Tribe with a complete, accurate and timely accounting of the Trust Funds of the Tribe as required by law.

2.      For a declaration that by failing to provide for a complete, accurate and timely accounting of the Trust Funds of the Tribe, Defendants have deprived the Tribe of the ability to identify whether it has suffered a loss, as well as any specific claims that it might have against Defendants for their mismanagement of those Trust Funds.

3.      For an order compelling Defendants to provide a complete, accurate and timely accounting of the Trust Funds of the Tribe.

4.      For a declaration requiring Defendants to provide to the Tribe all material information regarding the management and administration of the trust assets belonging to the Tribe and held in trust for its benefit by the Defendants.

5.      For an award of the cost of the suit, without limitation, attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, and other applicable federal statues, and under general principals of law and equity, and the fees and costs for expert assistance.

6.    For such other and further relief, both at law and in equity, to which the Tribe is or may show itself entitled.

_____ s/ Kennis M. Bellmard, II
Kennis M. Bellmard II, OBA #13965
David Pomeroy, OBA #7209
Sandra Benischek Harrison, OBA #18647
Michael D. McMahan, OBA #17317
Jennifer Henshaw McBee, OBA #19170
ANDREWS DAVIS
A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELLORS AT LAW
100 North Broadway Avenue, Suite 3300
Oklahoma City, OK  73102
Telephone: (405) 272-9241
Fax: (405) 235-8786
www.andrewsdavis.com

ATTORNEYS FOR PLAINTIFF

197440.1