## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

TONKAWA TRIBE OF INDIANS )
OF OKLAHOMA, )
                      )
         Plaintiff, )
                      )
vs. )     Case No. CIV-06-1435-F
                      )
DIRK KEMPTHORNE, Secretary of )
the Interior, et al., )
                      )
         Defendants. )

## ORDER

Defendants' motion to dismiss, filed October 16, 2008, is before the court. (Doc. no. 40.) The motion asks the court to dismiss all claims alleged in the Amended Complaint. (Doc. no. 18).

The Amended Complaint seeks an accounting of tribal trust funds from three federal defendants, the Secretary of the Interior, the Special Trustee for American Indians and the Secretary of the Treasury. (The Amended Complaint names the individuals serving in these capacities at the time this action was filed. Based on the allegations, the court concludes these individuals are sued in their official capacities only.)

Defendants contend the court lacks subject matter jurisdiction and that this action should be dismissed under Rule 12(b)(1), Fed. R. Civ. P. Defendants also contend that the Amended Complaint fails to state a claim for relief and should be dismissed under Rule 12(b)(6), Fed. R. Civ. P. The briefing is complete, and includes: defendants' motion and moving brief, plaintiff's response brief, defendants' notice of adverse authority regarding the Memorandum Opinion and Order of the Honorable

Robin J. Cauthron in <u>Otoe-Missouria Tribe of Oklahoma v. Kempthorne</u>, 2008 WL 5205191 (W.D. Okla., December 10, 2008), and defendants' reply brief (which responds not only to plaintiff's brief but also to Judge Cauthron's denial of a virtually identical motion to dismiss in <u>Otoe-Missouria</u>).

<u>Standards</u>

In passing on a motion to dismiss, whether bringing a facial attack on the ground of lack of jurisdiction over the subject matter under Rule 12(b)(1) or whether challenging the complaint for failure to state a cause of action under Rule 12(b)(6), the non-movant enjoys similar safeguards;   the allegations of the complaint should be construed favorably to the pleader and the court will not look beyond the face of the complaint to determine jurisdiction. *See*, *e.g.*, <u>Sea Vessel Inc. v. Reyes</u>, 23 F.3d 345, 347 (11th Cir. 1994) (non-moving party receives the same protection with respect to 12(b)(1) as it would defending against a motion brought under Rule 12(b)(6), quoting <u>Osborn v. United States</u>, 918 F.2d 724, 729 n.6 (8th Cir. 1990));   2 <u>Moore's Federal Practice</u>, § 12.30[4] (Matthew Bender 3d ed.)

The inquiry under Rule 12(b)(6) is whether the complaint contains enough facts to state a claim for relief that is plausible on its face.  <u>Ridge at Red Hawk, L.L.C. v. Schneider</u>, 493 F.3d 1174, 1177 (10th Cir., 2007), quoting <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ___, 127 S.Ct. 1955, 1969, 1974 (2007).  To survive a  motion to dismiss, a plaintiff must nudge his claims across the line from conceivable to plausible. *Id*.  The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient;  the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.  <u>Ridge at Red Hawk</u>, 493 F.3d at 1177.  In conducting its review, the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff.  *Id*.

As this action involves tribal rights to an accounting, certain principles of construction, such as the canon of construction favoring Indians, are also pertinent. As reviewed in National Labor Relations Board v Pueblo of San Juan, 276 F.3d 1186, 1194 (10th Cir. 2002):

> The Government has assumed trust responsibility for Indians and tribes . . . . United States v. Sandoval, 231 U.S. 28 (1913).  The canons of construction favoring Indians reflect this.  County of Oneida v. Oneida Indian Nation, 470 U.S. 226, 247 (1985) ("The canons of construction applicable in Indian law are rooted in the unique trust relationship between the United States and the Indians.").  Rules of statutory construction generally "provide for a broad construction when the issue is whether Indian rights are reserved or established, and for a narrow construction when Indian rights are to be abrogated or limited." Cohen at 225.  [Felix Cohen, Handbook of Federal Indian Law 232 (1982).  Other citations omitted.]  We further note that the canon requiring resolution of ambiguities in favor of Indians is to be given the "broadest possible scope," remembering that "[a] canon of construction is not a license to disregard clear expressions of . . . congressional intent." DeCoteau v. Dist. County Court, 420 U.S. 425 (1975).  [Parallel citations omitted throughout.]

N.L.R.B. v. Pueblo of San Juan, 276 F.3d at 1194 (10th Cir. 2002).

Discussion

All of the issues raised by defendants in the instant motion were also raised by the same defendants in Otoe-Missouria.  After careful study, this court finds that it agrees with Judge Cauthron's analysis and rulings as stated in Otoe-Missouria.  Accordingly, the motion to dismiss will be denied.

It would serve no purpose to re-state all of the detailed findings and analysis of Judge Cauthron here.  This court does, however, state some of the underlying legal conclusions which cause the court to determine that the motion should be denied.

* * *

To avoid dismissal of this action pursuant to defendants' challenges, plaintiff must establish (1) that the court has subject matter jurisdiction, (2) that the United States has waived its sovereign immunity, and (3) that the Amended Complaint states a claim for relief and that no part of plaintiff's claims are time-barred or otherwise foreclosed as a matter of law for the reasons urged by the defendants.

## 1. Subject Matter Jurisdiction.

This is an action for declaratory and injunctive relief seeking to compel an accounting of tribal assets. The court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction), § 1361 (action to compel an officer of the United States to perform his duty, mandamus), and § 1362(civil actions brought by any Indian tribe).[1] Jurisdiction under any one of these statutes would be sufficient.

Defendants also argue that this court lacks subject matter jurisdiction over claims for an accounting relating to trust management prior to 1946 because the Indian Claims Commission Act vested the Indian Claims Commission with exclusive jurisdiction to hear and determine all tribal trust claims that existed as of 1946. Congress has deferred accrual of the statute of limitations, including any limitation arising from the ICCA, by passage of various Tribal Trust Accounting Statutes. Otoe-Missouria at *4-5. Accordingly, the court rejects defendants' position.

## 2. Sovereign Immunity.

Title 5 U.S.C. § 702 of the APA provides, in part, as follows. "An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be

---

[1]The Amended Complaint also alleges that jurisdiction exists under 5 U.S.C. § 706. (Doc. no. 18, ¶ 7.) Section 706 is a part of the Administrative Procedures Act (the APA), 5 U.S.C. § 701 *et seq*. The APA does not, itself, confer subject matter jurisdiction. City of Albuquerque v. U.S. Dep't of Interior, 379 F.3d 901, 906 (10th Cir. 2004). Rather, the source of jurisdiction must be found elsewhere, such as in the general federal question statute. *Id*. at 906-07.

denied on the ground that it is against the United States or that the United States is an indispensable party.  The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States...."

This action seeks an accounting and is not a suit seeking money damages.  *See*, Otoe-Missouria at *4.  As also required in order to come within the terms of § 702, this action  alleges that a federal agency or an officer of a federal agency acted or failed to act in an official capacity or under color of legal authority.

Defendants argue that § 702 does not waive immunity because the proviso in that section applies.  The proviso states that nothing in § 702 grants consent to suit if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.  Defendants argue that the Tucker Acts (the Tucker Act and the Indian Tucker Act, codified at 28 U.S.C. § 1491 and § 1505, respectively), require claims for monetary damages to be brought in the Court of Federal Claims, so that this action falls within the proviso and the sovereign immunity waiver of § 702 does not apply.  Section 1491, however, does not apply because the undersigned judge agrees with Judge Cauthron that plaintiff's claims are not contract claims.  *See*, Otoe-Missouria at *3. Section 1501 does not foreclose this action because that statute does not vest jurisdiction in the Court of Federal Claims.  *Id*., referencing Manchester Band of Pomo Indians, Inc. v. United States, 363 F. Supp. 1238, 1242 (N.D. Cal. 1973).[2]  Accordingly, the court rejects defendants' contention that the

---

[2]The court rejects defendants' contention that Otoe-Missouria's reference to Manchester Band is inappropriate.  Defendants' reply brief contends that Manchester Band is contrary to Robbins v. Bureau of Land Management, 438 F.3d 1074 (10th Cir. 2006).  Robbins deals with the Tucker Act's and the Little Tucker Act's relationship to the § 702 waiver when the claims involved are contract claims seeking specific performance;  Robbins does not involve any tribal issues. Moreover, Otoe-Missouria, at *3, notes Manchester Band's list of federal statutes which, in the opinion of Judge Cauthron and the undersigned, make it clear that the Indian Tucker Act does not give exclusive jurisdiction to the Court of Claims when claims regarding Indian trust funds are
(continued...)

proviso of § 702 applies.  Furthermore, although contained within the APA, the waiver of sovereign immunity found in § 702 applies to suits seeking non-monetary damages against federal officials and agencies, even when such suits are not brought under the APA.  *See*, Schnapper v. Foley, 667 F.2d 102, 107-08 (D.C. Cir. 1981) (noting that the legislative history regarding § 702 includes the statement that "[T]he time [has] now come to eliminate the sovereign immunity defense in all equitable actions for specific relief against a Federal agency or officer acting in an official capacity");  Trudeau v. Fed. Trade Comm'n, 456 F.3d 178 (D.C. Cir. 2006) (§702 waived sovereign immunity for plaintiff's First Amendment claim against Federal Trade Commission;  noting, at 186, that nothing in § 702 restricts its waiver to suits brought under the APA).

Therefore, under § 702, defendants have waived their sovereign immunity for purposes of this action, no matter the claimed basis for relief.[3]  *See*, Otoe-Missouria at *4.

### 3.  Statement of a Claim for Relief.

The Amended Complaint alleges that plaintiff has not been provided with a complete, accurate and timely accounting of tribal trust funds as required by 25 U.S.C. § 4044 and by other federal statutory laws pertaining to the tribes, and by federal

---

[2](...continued)
involved.  As cited in Manchester Band, 363 F. Supp. at 1242-43, those statutes include:  25 U.S.C. §§ 161a and 162a (establishing financial-managerial duties);  5 U.S.C. §§ 701-706 (judicial review to compel agency action or to set aside agency action not in accordance with law);  28 U.S.C. §1361 (jurisdiction over actions to compel responsible officers of the United States to perform their duties); and 28 U.S.C. § 1362 (district courts have jurisdiction over all civil actions brought by any Indian tribe or band with a governing body recognized by the Secretary of the Interior, when the controversy arises under the Constitution, laws, or treaties of the United States).

[3]This action is brought under the APA, § 706, but it is also brought under other federal statutes and federal common law.

common law which establishes a trust relationship with the tribes.[4]  The Amended Complaint states a claim for relief under § 4044, and under other federal statutes and federal common law governing the tribes.

In addition, 5 U.S.C. § 706 provides that a court shall "compel agency action unlawfully withheld or unreasonably delayed...and...hold unlawful and set aside agency action, findings and conclusions found to be...arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  In <u>Norton v. Southern Utah Wilderness Alliance</u>, 542 U.S. 55 (2004), the Supreme Court held that a claim under § 706(1) for agency inaction can only proceed where a plaintiff asserts that an agency failed to take a *discrete* agency action that the agency is *required to take.  Id.* at 64 (emphasis in original).  Here, the Amended Complaint alleges and seeks a discrete agency action that a federal agency is required to take but has not taken, *i.e.* providing a complete and accurate accounting of funds held in trust for the plaintiff as required by § 4044.  *See*, <u>Otoe-Missouria</u> at *2.  Accordingly, to the extent this action is brought under § 706(1), <u>Norton v. Southern Utah Wilderness Alliance</u> does not foreclose this action, and the Amended Complaint states a claim for relief.  *See*, <u>Otoe-Missouria</u> at *1-2.

The Amended Complaint also alleges agency action (as opposed to inaction) not in accordance with law.  *See*, <u>Otoe-Missouria</u> at *3.  It alleges, for example, that "Defendants control and manage all of the Trust Property and trust assets of the Tribe"

---

[4]Section 4044 is a part of the 1994 American Indian Trust Fund Management Reform Act, 25 U.S.C. §§ 4001 *et seq*.  Section 4044 requires the Secretary of the Interior to transmit to certain congressional entities, by a stated date, "a report identifying for each tribal trust fund account for which the Secretary is responsible a balance reconciled as of September 30, 1995."  The report shall include "a description of the Secretary's methodology,"  and attestations by each account holder "that the Secretary has provided the account holder with as full and complete accounting as possible of the account holder's funds to the earliest possible date" and that the account holder either accepts or disputes the Secretary's reconciled balance.

and that defendants "maintain control over all of the books and records of accounts affecting the Tribe's Trust Funds and Trust Property" but that such conduct has not been performed in accordance with law.  (Doc. no. 18, ¶ 20.)  Thus, the Amended Complaint states a claim for relief under § 706(2), pertaining to agency action found to be not in accordance with law.

　　　To the extent that defendants argue that some of plaintiff's claims are time-barred as a matter of law, the court rejects those arguments based on the broad language of various Tribal Trust Accounting Statutes, and the fact that the Amended Complaint alleges that plaintiff has not been furnished with an accounting.  *See*, Otoe-Missouria, at *2 (discussing 25 U.S.C. §§ 4041, 4044) and at *4-5 (discussing Tribal Trust Accounting Statutes generally, including, for example, the Appropriations Act of August 2, 2005, Pub. L. No. 109-54, 119 Stat. 499 (2005), which provides that the statue of limitations shall not commence to run on any claim, including any claim in litigation pending on the date of the enactment of the Act, concerning losses to or mismanagement of trust funds, until the affected tribe has been furnished with an accounting of such funds).  Alternatively, to the extent there are ambiguities concerning how the various statutory pronouncements regarding tribal accountings impact jurisdiction or limitations and repose periods, the Indian canons of construction require ambiguities to be construed in favor of plaintiff.  *See*, *id*. at *5.

　　　The court also rejects defendants' argument that the Amended Complaint fails to state a claim for relief with respect to non-monetary assets held in trust.  The United States is a trustee for plaintiff without regard to whether the corpus of the trust is a monetary or non-monetary asset of the Tribe.  *See*, *id*.  The court rejects defendants' argument that plaintiff has failed to exhaust its administrative remedies with respect to claims for an accounting of non-monetary assets.   Nothing in any of the

administrative procedures identified by defendants suggests that those procedures could provide the type of relief sought in this action. *See, id.* at *5.[5]  Moreover, plaintiff alleges claims not only under § 706 of the APA but also under other federal statutory law and federal common law to which administrative exhaustion doctrines do not apply.

In short, the court concludes that the Amended Complaint states a claim for relief and that no part of plaintiff's claims should be dismissed as a matter of law. *See generally*, Otoe-Missouria.

Conclusion

The court concludes that it has jurisdiction over this dispute, that defendants have waived their sovereign immunity, and that the Amended Complaint states a claim for relief.  Defendants' motion to dismiss is **DENIED**.

Dated this 17th day of March, 2009.


_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE


06-1435p018(pub).wpd

---

[5]This determination includes but is not limited to 25 C.F.R. Part 2, § 2.8, a regulation which defendants contend was not expressly addressed in Otoe-Missouria.  Otoe-Missouria broadly states that:  "Defendants have failed to demonstrate that the administrative remedies they allege Plaintiff failed to exhaust are applicable to the issues in this case.  Indeed, had Plaintiff undertaken the steps promoted by Defendants, nothing in that process would have even remotely addressed the relief Plaintiff seeks here.  Thus, Plaintiff was not required to exhaust that process prior to proceeding in this Court."  Otoe-Missouria at *5.