IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONKAWA TRIBE OF INDIANS OF OKLAHOMA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-06-1435-F ) |
| SALLY JEWELL, Secretary of the Interior, et al., | ) ) ) ) |
| Defendants. | ) |

# ORDER

This matter is before the Court on the Parties' Joint Stipulation of Settlement and [Proposed] Order. Upon consideration of the Joint Stipulation of Settlement and for good cause shown, it is ORDERED that the Joint Stipulation of Settlement should be and hereby is APPROVED and ENTERED. Further, it is ORDERED that

1. **Settlement Without Admission of Liability or Wrongdoing.** This Order and the associated Joint Stipulation of Settlement are the result of compromise and settlement between the Parties. They shall not constitute or be construed as an admission of liability or wrongdoing by any Party, and they shall not be utilized or admissible as precedent, evidence, or argument in any other proceeding, except as may be necessary to ensure compliance with or to carry out their terms and conditions.

2. **Amount of Settlement.** In consideration for (a) the dismissal of this case with prejudice, pursuant to Paragraph 3 below; (b) the waiver, release, and covenant not

to sue that are set forth in Paragraph 4 below, and (c) any other commitments and covenants made by Plaintiff in this Order and the associated Joint Stipulation of Settlement, Defendants will pay to Plaintiff the sum of $370,000.00 (Three Hundred and Seventy Thousand Dollars) in full, complete, and final settlement.

3. **Dismissal with Prejudice.** In consideration for the payment required by Paragraph 2 above, the parties shall file a joint motion and proposed order or a joint stipulation to dismiss this case with prejudice, in accordance with the requirements of Paragraph 17 below.

4. **Full Settlement, Waiver, Release, and Covenant Not to Sue.** In consideration of the payment required by Paragraph 2 above, Plaintiff hereby waives, releases, and covenants not to sue in any administrative or judicial forum on any and all claims, causes of action, obligations, and/or liabilities of any kind or nature whatsoever, known or unknown, regardless of legal theory, for any damages or any equitable or specific relief, that are based on harms or violations occurring before the date of this Court's entry of this Order and that relate to Defendants' management or accounting of Plaintiff's trust funds or Plaintiff's non-monetary trust assets or resources. The claims being settled include, but are not limited to, the following:

a. Defendants' alleged obligation to provide a historical accounting or reconciliation of Plaintiff's trust funds and non-monetary trust assets or resources, and Defendants' fulfillment of any such obligation;

b. Defendants' alleged mismanagement of Plaintiff's non-monetary trust assets or resources, including but not limited to any claim or allegation that:

(1) Defendants failed to make Plaintiff's non-monetary trust assets or resources productive;

(2) Defendants failed to obtain an appropriate return on, or appropriate consideration for, Plaintiff's non-monetary trust assets or resources;

(3) Defendants failed to record or collect, fully or timely, or at all, rents, fees, or royalties, or other payments for the transfer, sale, encumbrance, or use of Plaintiff's non-monetary trust assets or resources;

(4) Defendants failed to preserve, protect, safeguard, or maintain Plaintiff's non-monetary trust assets or resources;

(5) Defendants permitted the misuse or overuse of Plaintiff's non-monetary trust assets or resources;

(6) Defendants failed to manage Plaintiff's non-monetary trust assets or resources appropriately, including through the approval of agreements for the use and extraction of natural resources which are or were located in or on Plaintiff's trust property, leases of Plaintiff's trust lands, easements across Plaintiff's trust lands, and other grants to third parties of authority to use Plaintiff's trust lands or natural resources;

(7) Defendants failed to enforce the terms of any permits, leases, or contracts for the transfer, sale, encumbrance, or use of Plaintiff's non-monetary trust assets or resources;

(8) Defendants failed to prevent trespass on Plaintiff's non-monetary trust assets or resources;

(9) Defendants failed to report, provide information about their actions or decisions relating to, or prepare an accounting of Plaintiff's non-monetary trust assets or resources;

(10) Defendants improperly or inappropriately transferred, sold, encumbered, allotted, managed, or used Plaintiff's non-monetary trust assets or resources; and

(11) Defendants failed to manage Plaintiff's non-monetary trust assets or resources appropriately by failing to undertake prudent transactions for the sale, lease, use, or disposal of Plaintiff's non-monetary trust assets or resources.

c. Defendants' alleged mismanagement of Plaintiff's trust funds,[1] including but not limited to any claim or allegation that:

(1) Defendants failed to invest tribal income in a timely manner;

(2) Defendants failed to obtain an appropriate return on invested funds;

(3) Defendants failed to deposit monies into trust funds or disburse monies from trust funds in a proper and timely manner;

(4) Defendants disbursed monies without proper authorization, including that of Plaintiff;

(5) Defendants failed to report or provide information about their actions or decisions relating to Plaintiff's trust fund accounts; and

d. Defendants' alleged failure to perform trust duties related to the management of trust funds and non-monetary trust assets or resources, as set out in the complaint filed in this case, and in this Order and the associated Joint Stipulation of

---

[1] For purposes of this Order, Plaintiff's trust funds include but are not limited to any monies that have been received by Plaintiff in compensation for or as a result of the settlement of Plaintiff's pre-1946 claims brought before the Indian Claims Commission ("ICC"); the monies in any Tribal-related accounts; any proceeds-of-labor accounts; any Tribal-Individual Indian Money ("Tribal-related IIM") or special deposit accounts; any Indian Money-Proceeds of Labor ("IMPL") accounts; any Treasury accounts; any legislative settlement or award accounts; and any judgment accounts, regardless of whether the above-described accounts are principal or interest accounts, whether they were established pursuant to Federal legislation, and whether they are or were maintained, managed, invested, or controlled by either the Department of the Interior ("Interior") or the Department of the Treasury ("Treasury").

Settlement, that were alleged to be owed to Plaintiff at any time, up to the date of the date of the Court's entry of this Order.

5. **Plaintiff's Release, Waiver, and Covenant Not to Sue Unaffected by Tolling Provisions.** Nothing in any of the appropriation acts for the Interior Department, which address the application of the statute of limitations to claims concerning losses to or mismanagement of trust funds (*see, e.g.,* Department of the Interior Appropriations Act of 2009, Pub. L. No. 111-88, 123 Stat. 2904, 2922 (2009), and similar provisions in other Interior Department appropriations acts enacted before or after the date of the entry of this Order), shall affect in any way Plaintiff's foregoing release, waiver, and covenant not to sue.

6. **Exceptions to Plaintiff's Release, Waiver, and Covenant Not to Sue.** Notwithstanding the provisions of Paragraph 4 above, nothing in this Order and the associated Joint Stipulation of Settlement shall diminish or otherwise affect in any way:

    a. Plaintiff's ability, subject to the provisions of Paragraph 13 below, to assert a claim for harms or damages allegedly caused by Defendants after the date of the Court's entry of this Order;

    b. Plaintiff's water rights, whether adjudicated or unadjudicated; Plaintiff's authority to use and protect such water rights; and Plaintiff's claims for damages for loss of water resources allegedly caused by Defendants' failure to establish, acquire, enforce or protect such water rights;

c. Plaintiff's federal law hunting, fishing, trapping and gathering rights, including federally reserved and aboriginal rights, whether adjudicated or unadjudicated, and Plaintiff's authority to use and protect such rights;

d. Plaintiff's rights and remedies under federal laws of general application for the protection of the environment (and regulations arising under such laws), including but not limited to (1) the Clean Water Act, 33 U.S.C. § 1251 *et seq.*; (2) the Safe Drinking Water Act, 42 U.S.C. § 300f *et seq.*; (3) the Clean Air Act, 42 U.S.C. § 7401 *et seq.*; (4) the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 *et seq.*; (5) the Nuclear Waste Policy Act, 42 U.S.C. § 10101 *et seq.*; (6) the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.*; (7) the Oil Pollution Act, 33 U.S.C. § 2701 *et seq.*; (8) the Insecticide, Fungicide and Rodenticide Act, 7 U.S.C. § 136 *et seq.*; (9) the Toxic Substances Control Act, 15 U.S.C. § 2601 *et seq.*; (10) the Indian Lands Open Dump Cleanup Act of 1994, 25 U.S.C. § 3901 *et seq.*; (11) the Endangered Species Act of 1973, 16 U.S.C. § 1531 *et seq.*; (12) the Atomic Energy Act of 1954, 42 U.S.C. § 2011 *et seq.*; and (13) the Uranium Mill Tailings Radiation Control Act of 1978, 42 U.S.C. § 2201 *et seq.*;

e. Plaintiff's or Defendants' claims, including but not limited to claims arising prior to July 19, 1966, that were identified by or submitted to Defendants, pursuant to the Indian Claims Limitation Act of 1982, Pub. L. 97-394, 96 Stat. 1966,

which extended the statute of limitations contained in 28 U.S.C. § 2415 (such claims being commonly referred to as "Section 2415 claims"), against third parties;

      f.      Plaintiff's ability to assert any claims not otherwise waived herein; and

      g.      Any defenses that Defendants have or may have regarding any claims that Plaintiff may assert in subsequent litigation or administrative proceedings.

      7.      **Plaintiff's Attestation Regarding Its Trust Account Balances, as Stated by the Office of the Special Trustee for American Indians.** In consideration of the payment required by Paragraph 2 above and upon the date of the Court's entry of this Order, Plaintiff, as a matter of settlement and compromise, accepts as accurate the balances of all of Plaintiff's trust fund accounts, as those balances are stated in the most recent periodic Statements of Performance that were issued by the Office of the Special Trustee for American Indians ("OST") and that were attached to the associated Joint Stipulation of Settlement as Exhibit 1.

      8.      **Plaintiff's Acceptance of Periodic Statements of Performance Provided by OST.** Plaintiff accepts, as a matter of settlement and compromise, the most recent Statements of Performance that were issued by OST and that were attached to the associated Joint Stipulation of Settlement as Exhibit 1, as accurate, full, true, and correct statements of all of Plaintiff's trust fund accounts as of the date of the Statements. Further, Plaintiff accepts, as a matter of settlement and compromise, the Statements of

Performance (attached as Exhibit 1 to the associated Joint Stipulation of Settlement) in fulfillment of any accounting of Plaintiff's trust fund accounts that is required by law as of the date of the Court's entry of this Order.

9. **Plaintiff's Acceptance of Defendants' Compliance with Applicable Law as Satisfaction of Any Duty and Responsibility to Account for and Report to Plaintiff Regarding Plaintiff's Trust Funds.** Plaintiff accepts that Defendants satisfy any duty and responsibility to account for and report to Plaintiff regarding Plaintiff's trust funds, through Defendants' compliance with applicable provisions of the United States Constitution, treaties, and federal statutes and regulations, as well as any subsequent amendments thereto, as those requirements may be construed by the courts.

10. **Interior's Provision of Certain Information to Plaintiff Under Section 102 of Reform Act of 1994.** In satisfaction of its reporting responsibilities under Section 102 of the Reform Act of 1994 (codified at 25 U.S.C. § 4011), Interior currently provides Plaintiff with the following, as it has done since 1995:

    a. A periodic Statement of Performance, on a quarterly (or, upon request, monthly) basis, for all of Plaintiff's funds held in trust pursuant to the Act of June 24, 1938 (codified at 25 U.S.C. § 162a), in the form attached to the associated Joint Stipulation of Settlement as Exhibit 1. Conditional on Interior continuing to provide Plaintiff with these reports or with reports that substantially conform, as to the frequency of issuance and substantive content, to these reports, Plaintiff attests that the mailing,

provision, or otherwise making available to Plaintiff of the foregoing satisfies the present reporting requirements of Section 102 of the Reform Act of 1994 (codified at 25 U.S.C. § 4011).

      b.     A letter, on an annual basis, that relates to Interior's annual audit of all funds held in trust for the benefit of tribes pursuant to the Act of June 24, 1938 (codified at 25 U.S.C. § 162a), in the form attached to the associated Joint Stipulation of Settlement as Exhibit 2. Conditional on Interior continuing to provide Plaintiff with these letters or with letters that substantially conform, as to the frequency of issuance and substantive content, with these letters, Plaintiff attests that the mailing, provision, or otherwise making available to Plaintiff of the foregoing satisfies the present annual auditing requirements of Section 102 of the Reform Act of 1994 (codified at 25 U.S.C. § 4011).

    11.   **Interior's Provision of Certain Information to Plaintiff Under Section 303(b)(2)(B)(ii) of Reform Act of 1994.** In satisfaction of its reporting responsibilities under Section 303(b)(2)(B)(ii) of the Reform Act of 1994 (codified at 25 U.S.C. § 4043(b)(2)(B)(ii)), Interior presently provides Plaintiff with periodic Statements of Performance, which contain a report of Plaintiff's trust fund investments and the return on those investments, in the form attached to the associated Joint Stipulation of Settlement as Exhibit 1. Plaintiff attests that the Interior Department's continued mailing, provision, or otherwise making available to Plaintiff of the periodic Statements of Performance or of

similar reports satisfies the present requirements of Section 303(b)(2)(B)(ii) of the Reform Act of 1994 (codified at 25 U.S.C. § 4043(b)(2)(B)(ii)).

12. **Preservation of Plaintiff's Right to Contest Accuracy of Interior's Reports; Continued Force of Applicable Law.**

    a. Nothing in Paragraphs 10 and 11 of this Order and the associated Joint Stipulation of Settlement shall signify Plaintiff's acceptance of any Statement of Performance or any annual audit, or the contents of any Statement of Performance or audit, that Interior provides to Plaintiff, after the date of the entry of this Order, as accurate.

    b. Nothing in this Order and the associated Joint Stipulation of Settlement, including but not limited to provisions regarding Plaintiff's acknowledgments and attestations in Paragraphs 10 and 11, is in derogation of either party's obligation to comply with applicable federal law, including any future amendments to the Reform Act of 1994.

13. **Requirement for Notice by Plaintiff of Certain Claims Concerning Information in Future Periodic Statements of Account or Performance; Availability of Trust Account Information to Plaintiff.**

    a. If Interior continues in the future to provide Plaintiff, at a minimum, with reports that substantially conform, as to the frequency of issuance and substantive content, to the reports that are specified in Paragraphs 10(a) and Paragraph 11 above and

that were attached to the associated Joint Stipulation of Settlement as Exhibit 1 and if Plaintiff has any of the following claims, Plaintiff shall present the claim(s) in writing to Interior, in the manner set forth herein, within six years after the close of the calendar year in which the reported period occurs or within six years after the Statement of Performance or similar report is provided to Plaintiff, whichever is later:

      (1)    Defendants failed to invest tribal income in a timely manner;

      (2)    Defendants failed to obtain an appropriate return on invested funds;

      (3)    Defendants failed to disburse monies in a proper and timely manner from trust accounts listed on a Statement of Performance or similar report; or

      (4)    Defendants disbursed monies without Plaintiff's proper authorization.

      b.    In presenting its written claim, Plaintiff shall include a reasonably particular description of the grounds for the claim. Further, Plaintiff shall present its written claim to Interior, by U.S. certified mail, at the following address:

> United States Department of the Interior
> Office of the Special Trustee for American Indians
> 1849 C Street, N.W.
> Mail Stop 2603
> Washington, D.C. 20240
> Attn: Director, Office of Trust Review and Audit

Also, Plaintiff shall provide a copy of its written claim to the Regional Director of the Southern Plains Regional Office of the Bureau of Indian Affairs ("BIA").

c. Within 60 days after receiving Plaintiff's written claim, Interior will provide Plaintiff with a written response, explaining how it proposes to respond to the claim or advising Plaintiff that it needs additional time to respond to the claim.

d. Except for claims of fraud or gross negligence, Plaintiff conditionally releases, waives, and covenants not to sue the United States, its agencies (including but not limited to Defendants), its officials, its employees, or its agents for, the claims listed in subparagraph (a) above, if Plaintiff does not present the claims in writing to Interior as specified in this Order and the associated Joint Stipulation of Settlement. Plaintiff shall not file suit seeking damages or specific or equitable relief before it has received Interior's response to their claim. Notwithstanding the foregoing, nothing in this paragraph shall preclude Plaintiff from filing suit, where (1) Plaintiff has provided notice of the grounds for a claim pursuant to subparagraph (b) above; (2) Defendants have not responded within 60 days; and (3) Plaintiff believes in good faith that the applicable statute of limitations for such claim may expire within 30 days, absent the filing of a suit.

e. Plaintiff's duly authorized officials are entitled to request, in writing, additional information regarding Plaintiff's trust accounts at any time. Plaintiff shall direct such written requests to the following address:

> United States Department of the Interior
> Office of the Special Trustee for American Indians
> 4400 Masthead Street, N.E.
> Albuquerque, NM 87109
> Attn: Deputy Special Trustee – Field Operations

Plaintiff shall make any new designations of authorized official(s) by tribal resolution and notify Interior in writing of any such new designations, within 30 days of such a designation, so that OST may provide information to and request information from Plaintiff's duly authorized officials concerning Plaintiff's tribal trust accounts.

      f.     OST shall provide the information requested under subparagraph (e) above as soon as reasonably practicable.

    14.    **Treasury Department's Obligations under this Order and the Associated Joint Stipulation of Settlement.**  The Treasury Department's obligations under this Order and the associated Joint Stipulation of Settlement regarding the management of Plaintiff's trust funds are defined by 25 U.S.C. § 161a(a) and other applicable federal law.

    15.    **Handling of Settlement Proceeds.**  Upon the date of the Court's entry of this Order or as soon thereafter as reasonably possible, Defendants shall transfer or cause to be transferred, in a single payment, the sum of money specified in Paragraph 2 above, to an account that (a) Plaintiff shall specify to Defendants, within 15 days of the date of the Court's entry of this Order and in advance of Defendants' transfer of the money, and (b) is or shall be in a private bank or other third-party financial institution.  The entire sum of money specified in Paragraph 2 above shall be available for use by Plaintiff as it decides in its sole discretion.  Defendants shall not transfer to or deposit in, or cause to be transferred to or deposited in, Plaintiff's "Proceeds of Labor" account or any other trust

accounts the sum of money specified in Paragraph 2 above. Plaintiff specifically waives any and all claims relating to the investment, disbursement, or other management of the sum of money specified in Paragraph 2 above. Furthermore, Defendants shall have no duty or liability, including, without limitation, no liability as fiduciary, trustee, or similar status whatsoever, regarding Plaintiff's use or expenditure of the sum of money specified in Paragraph 2 above.

16. **Entire Agreement Between Parties, Modification, and Non-Severability.** This Order and the associated Joint Stipulation of Settlement are the entire agreement between the Parties in this case. All prior conversations, meetings, discussions, drafts, and writings of any kind are specifically superseded by this Order and the associated Joint Stipulation of Settlement. The terms of this Order and the associated Joint Stipulation of Settlement may not be changed, revised, or modified, except as provided by a written instrument that is signed by the Parties to this Order and the associated Joint Stipulation of Settlement and that is approved and entered by this Court as an Order. This Order and the associated Joint Stipulation of Settlement shall be effective upon the date of the entry of the Order.

17. **Filing of Joint Motion and Proposed Order or Joint Stipulation Regarding Dismissal of Litigation with Prejudice.** As soon as practicable after receiving notice of the date of the Court's entry of this Order and of the payment required

by Paragraph 2 above, the Parties will execute and file a joint motion and proposed order or a joint stipulation to dismiss this case with prejudice.

18. **Compliance with Anti-Deficiency Act.** No term or provision of this Order or of the associated Joint Stipulation of Settlement will constitute or will be construed as a commitment or a requirement that Defendants obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable law or regulation. In the event that the Anti-Deficiency Act, any other applicable law, or any regulation precludes Defendants from obligating or paying the sum of money set forth in Paragraph 2 above, this Order and the associated Joint Stipulation of Settlement, including its terms, conditions, dismissal, release, waiver, and covenant not to sue, shall be deemed null, void, and unenforceable.

19. **No Effect on Federal Funding.** No provision of this Order or of the associated Joint Stipulation of Settlement shall impair Plaintiff's ability to receive federal funding.

20. **Authority of Parties to Enter Into Associated Joint Stipulation of Settlement and To Be Bound by Order.** The undersigned representative(s) for each party in the associated Joint Stipulation of Settlement certifies that he or she is fully authorized by the party or parties whom he or she represents to accept the terms and conditions of the associated Joint Stipulation of Settlement and to bind legally such party or parties to this Order. In particular, undersigned counsel for Plaintiff in the associated

Joint Stipulation of Settlement certifies that Plaintiff's President and Plaintiff's Tribal Committee have reviewed this Order and the associated Joint Stipulation of Settlement and that, by tribal resolution signed by Plaintiff's President, Plaintiff's Vice-President, and Plaintiff's Tribal Committee Secretary, Plaintiff's Tribal Committee has approved and authorized the execution of the associated Joint Stipulation of Settlement by Plaintiff, by and through its counsel.

21. **Execution in Counterpart of Associated Joint Stipulation of Settlement.** The associated Joint Stipulation of Settlement may be executed in one or more counterparts, each of which shall constitute an original, and all of which, taken together, shall constitute one and the same instrument. Facsimile signatures shall have the same effect as original signatures in binding the Parties.

22. **Alternative Dispute Resolution Process Relating to Order and Associated Joint Stipulation of Settlement.** After the date of the Court's entry of this Order and dismissal of this case with prejudice, if there is a dispute over compliance with any term or provision of the Order and the associated Joint Stipulation of Settlement, the disputing Party will notify the other Party in writing of the dispute. The Parties will attempt to work out the dispute informally, as set forth below, before seeking judicial review by this Court.

    a. The disputing Party will engage the other Party in informal dispute resolution. During this informal dispute resolution period, which will not exceed 90 days

(unless the parties agree to an extension of the period), the Parties will meet as many times as both deem necessary to discuss and attempt to resolve the dispute.

      b.    If the Parties are unable to resolve the dispute through informal dispute resolution, either Party may file a motion asking that this Court enforce the relevant term(s) and provision(s) of this Order and the associated Joint Stipulation of Settlement.

    23.    **Continuing Jurisdiction.**  This Court shall have continuing jurisdiction only for the limited purpose of interpreting and enforcing the terms and conditions of this Order and the associated Joint Stipulation of Settlement, after the date of this Order.

    24.    **No Third-Party Beneficiaries.**  There shall be no third-party beneficiaries to this Order or to the associated Joint Stipulation of Settlement.

    25.    **Parties' Attorneys' Fees and Costs.**  Each Party shall be responsible for its own attorneys' fees and costs, as well as any other fees and costs, related to this case and to Plaintiff's previously dismissed companion case in the United States Court of Federal Claims, *Tonkawa Tribe v. United States*, No. 06cv00938-BAF (Ct. Fed. Cl.).

IT IS SO ORDERED this 12th day of August, 2013.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-1435p034.PO.wpd